**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BERT A. FRIELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 03270 |
| v. ) | |
| ) | |
| BANK OF NEW YORK, as Trustee for ) | |
| the certificate holders of CWALT ) | |
| 2004-ECC1; BANK OF AMERICA, N.A., ) | |
| successor by merger to BAC Home Loans ) | |
| Servicing, L.P., and CODILIS & ) | |
| ASSOCIATES, P.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On May 1, 2012, Plaintiff Bert A. Friello ("Friello") filed a Complaint against Bank of New York ("BONY") and Bank of America, N.A. ("BANA"), the "the Banks," and Codilis & Associates, P.C. ("Codilis") (collectively, "the Defendants"), alleging (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.; (2) violations of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2; (3) Abuse of Legal Process;[1] and (4) Conversion. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, because the state claims arise from a common nucleus of operative facts. Codilis and the Banks have separately moved to dismiss Friello's

---

[1] Friello included Malicious Prosecution in the heading for Count III in his Complaint, but now states that Count II "should have more properly been titled 'Abuse of Process.'" (R. 24, Pl.'s Mem. at 12.)

claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[2] For the following reasons, the Court grants the Banks' motion to dismiss in its entirety and Codilis' motion to dismiss in part, and grants Friello leave to amend his Complaint on or before November 5, 2012.

## RELEVANT FACTS

Plaintiff Bert A. Friello alleges the following facts in support of his claims, which the Court accepts as true for the purpose of this motion. Friello is 87 years old and was a resident of the State of Illinois during the relevant period. (R. 1, Compl. ¶ 3.) Friello took out a mortgage on a piece of real estate located at 300 N. State Street, Unit 4708, Chicago, IL 60610 ("the Property"). (*Id*. ¶ 4.) On May 22, 2007, BONY, a federally chartered banking institution and Trustee for the certificate holders of CWALT 2004-ECC1, filed a mortgage foreclosure action against Friello relating to the Property in the Circuit Court of Cook County, Illinois under docket number 2007-CH-13610 ("the Foreclosure Action"). (*Id*. ¶¶ 4, 9.) BONY filed the Foreclosure Action through its agents, BANA and Codilis. (*Id*. ¶ 9.) BANA is a bank that services mortgage loans on behalf of lenders. (*Id*. ¶ 5.) Codilis & Associates, P.C. is a law firm operating in Illinois. (*Id*. ¶ 6.)

On August 14, 2007, the Circuit Court of Cook County entered a Judgment of Foreclosure against Friello. (*Id*. ¶ 10.) On or about August 18, 2008, BONY voluntarily dismissed the Foreclosure Action. (*Id*. ¶ 11.) The Circuit Court of Cook County dismissed the case with leave to reinstate. (R. 26, Codilis' Reply, Ex. 1.) In 2010, BONY filed multiple motions to reinstate the Foreclosure Action. (Compl. ¶¶ 12-18.) The Circuit Court of Cook

---

[2] Though the Banks and Codilis filed separate motions to dismiss, the Court will address both motions in this memorandum in light of the fact that the Banks adopted the arguments from Codilis' Motion to Dismiss. (R. 14, Codilis' Mot.; R. 19, Banks' Mot.)

County did not grant any of these motions to reinstate and on November 23, 2010 denied the motion to reinstate filed on November 12, 2010. (*Id*.)

At some point after November 23, 2010, BONY caused a Notice of Sale to be published stating that The Judicial Sales Corporation would sell the Property at 10:30 A.M. on November 21, 2011. (*Id*. ¶ 19, Exhibit A.) Defendants mailed a copy of the Notice of Sale to Friello. (*Id*. ¶ 21.) Based on the language of the Notice of Sale, Friello believed he needed to move out of the Property within 30 days of receipt of the Notice of Sale. (*Id*. ¶ 22.) To facilitate his move, Friello gave away all of his furniture and furnishings. (*Id*. ¶ 23.) The Judicial Sales Corporation sold the Property at a public auction on November 21, 2011. (*Id*. ¶ 19, Exhibit A.)

On December 9, 2011, BONY filed a Motion to Approve Sale, with a purported Report of Sale and Distribution. (*Id*. ¶ 24.) On January 20, 2011, the date set for hearing on the Motion to Approval Sale, BONY withdrew its Motion to Approve Sale. (*Id*. ¶ 25.)

BONY took possession of the Property at some time subsequent to December 18, 2011 and remains in possession of the Property. (*Id*. ¶ 26.)

## LEGAL STANDARD

### I.   Rule 12(b)(6)

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *AnchorBank*, *FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2007) (internal quotation and citation omitted). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the

3

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

"In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank,* 649 F.3d at 614. "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934-35 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted)). "The complaint 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Id.* at 935 (citing *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008)). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (citing *Twombly*, 550 U.S. at 556 (internal quotation omitted)). "To meet this plausibility standard, the complaint must supply 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.* (citing *Twombly*, 550 U.S. at 556).

**II.    Rule 9(b)**

In pleading fraud in federal court, Rule 9(b) imposes a higher pleading standard than that required under Rule 8. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). Specifically, Rule 9(b) requires a pleading to state with particularity the circumstances constituting the alleged fraud. *See* Fed. R. Civ. P. 9(b); *Pirelli*, 631 F.3d at 441-42. This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted); *see also Pirelli*, 631 F.3d at 441-42. "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," however. Fed. R. Civ. P. 9(b). "[T]he particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli*, 631 F.3d at 441 (citation omitted).

## ANALYSIS

**I.    The Court Can Consider Certain Matters Outside of the Pleadings**

Before reaching the merits of the arguments, the Court briefly addresses the scope of its review. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the pleadings, and as such, the Court's "consideration of matters outside the pleadings is not generally permitted," unless the Court converts the motion into one for summary judgment pursuant to Rule 12(d). *See McIntyre v. McCaslin*, No. 11 C 50119, 2011 WL 6102047, at *4 (N.D. Ill. Dec. 7, 2011) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). An exception to this general rule exists where the parties present records "to which the Complaint . . . refer[s]" and that are "concededly authentic," and "central" to the claims presented. *See Hecker v. Deere &*

**II.    Rule 9(b)**

In pleading fraud in federal court, Rule 9(b) imposes a higher pleading standard than that required under Rule 8. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). Specifically, Rule 9(b) requires a pleading to state with particularity the circumstances constituting the alleged fraud. *See* Fed. R. Civ. P. 9(b); *Pirelli*, 631 F.3d at 441-42. This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted); *see also Pirelli*, 631 F.3d at 441-42. "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," however. Fed. R. Civ. P. 9(b). "[T]he particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli*, 631 F.3d at 441 (citation omitted).

## ANALYSIS

**I.    The Court Can Consider Certain Matters Outside of the Pleadings**

Before reaching the merits of the arguments, the Court briefly addresses the scope of its review. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the pleadings, and as such, the Court's "consideration of matters outside the pleadings is not generally permitted," unless the Court converts the motion into one for summary judgment pursuant to Rule 12(d). *See McIntyre v. McCaslin*, No. 11 C 50119, 2011 WL 6102047, at *4 (N.D. Ill. Dec. 7, 2011) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). An exception to this general rule exists where the parties present records "to which the Complaint . . . refer[s]" and that are "concededly authentic," and "central" to the claims presented. *See Hecker v. Deere &*

*Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661–62 (7th Cir. 2002). Another exception includes documents that are attached to the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) ("Because the letter was attached to the complaint, it became a part of it for all purposes, and so the judge could consider it in deciding the motion to dismiss without having to convert the motion to one for summary judgment.") (internal citations omitted). Additionally, courts may take judicial notice of documents filed in another court "as long as that document is offered to show what was stated to the court rather [than] for the truth of the matter asserted." *Sledge v. Bellwood Sch. Dist. 88*, No. 09–CV–4186, 2010 WL 1579920, at *4 (N.D. Ill. Apr. 20, 2010) (citing *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996)).

In addition to providing the Court with unpublished case law, Friello attached one exhibit to the Complaint, 12 exhibits to Plaintiff's Memorandum of Law in Opposition to Codilis' Motion to Dismiss ("Response to Codilis") (R. 24), and three exhibits to Plaintiff's Response in Opposition to Bank Defendants' Motion to Dismiss ("Response to the Banks") (R. 25). Codilis also attached numerous exhibits both to its Motion to Dismiss ("Codilis Motion to Dismiss") (R. 15) and to the Reply Memorandum of Law in Support of Codilis' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint ("Codilis' Reply") (R. 26). For purposes of ruling on Defendants' motions to dismiss, this Court has considered (1) Exhibit A, the Notice of Sale, attached to the Complaint, as it is part of the Complaint, and (2) Exhibit 1, the August 19, 2008 Order Dismissing Case With Leave to Reinstate, attached to Codilis' Reply, as this Court can take judicial notice of the contents of other courts' records. *See, e.g., Gen. Elec. Capital Corp. v.*

*Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997) (further observing that judicially noticeable facts provide a "narrow exception" to the rule that a district judge may not consider extrinsic materials in deciding a Rule 12(b)(6) motion unless the judge provides notice to the parties and converts the motion to summary judgment). The Court has not considered the remainder of the attachments as they either are not relevant to the resolution of the motions to dismiss or are not documents that the Court may consider when ruling on a Rule 12(b)(6) motion to dismiss.

**II.      Fair Debt Collection Practices Act**

In Count I, Friello alleges violations of various sections of the FDCPA, 15 U.S.C. §§ 1692, et seq. Codilis claims that paragraphs 9 through 18 of the Complaint cannot form the basis of Friello's claims as they are time-barred conduct that occurred before May 1, 2011, one year before Friello filed this lawsuit. (R. 15, Codilis' Mem. at 5); *see also* 15 U.S.C. § 1692k(d) (stating that the limitations period for FDCPA claims is one year). A complaint need not, however, anticipate and overcome affirmative defenses, such as statute of limitations. *See Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt.*, 559 F.3d 671, 674–75 (7th Cir. 2009) (stating that it is unusual to dismiss a complaint as untimely at the pleading stage). Moreover, whether a plaintiff will be able to respond to the statute-of-limitations defense by relying on tolling, which Friello asserts in his Response to Cordillo, will require evidence that is not properly before the Court at the motion-to-dismiss stage. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). The Court, therefore, does not entertain Codilis' statute of limitations concerns at this time.

### A. The Banks Are Not "Debt Collectors" Within the Meaning of the FDCPA Based on the Allegations in the Complaint

The FDCPA applies to actions taken by "debt collectors," as defined in 15 U.S.C. § 1692(a). The Banks argue that Friello's Complaint suggests that BONY was nothing more than a creditor seeking to enforce its rights under the loan and that BANA was a servicer of a loan. (Banks' Mot. at 3.) The Court agrees. The FDCPA protects debtors from improper acts of "debt collectors," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . ." 15 U.S.C. § 1692a(6). "[D]efendants who simply collect or attempt to collect a debt owed to them cannot be held liable under the FDCPA." *Bilal v. Chase Manhattan Mortg. Corp.*, No. 05 C 7120, 2006 WL 1650008, at *3 (N.D. Ill. June 13, 2006) (granting a motion to dismiss because the service provider and trustee to the service provider were creditors and not debt collectors under the FDCPA).

According to Friello, BONY was a banking institution attempting to collect a debt, namely a note and mortgage concerning the Property. (Compl. ¶ 4.) Friello does not allege that BONY was collecting this debt on behalf of someone else or that BONY, a financial banking institution, has a business "the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). In the Complaint, Friello does not describe BANA as a debt collector, stating only that BANA "serviced the debt sought to be collected." (Compl. ¶ 4.) This allegation is insufficient. *See Ovi v. Chase Home Finance, LLC*, No. 11-CV-3993, 2012 WL 1802450, at *2 (N.D. Ill. May 15, 2012) ("The FDCPA excludes loan servicers from the definition of a debt collector"). Notably, Friello has not pled that either BONY or BANA were assigned the note

8

and mortgage after Friello defaulted as would be necessary to establish an FDCPA claim against them.[3] 15 U.S.C. § 1692(a)(6)(F)(iii) ("the term does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity. . . concerns a debt which was not in default at the time it was obtained by such person"); *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998) ("The plain language of § 1692a(6)(F) tells us that an individual is not a 'debt collector' subject to the Act if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it."). In addition, the Court cannot draw this inference from the allegations. As such, the Court dismisses Count I against the Banks, without prejudice.

The Complaint alleges that Codilis is a debt collector and Codilis has not contested this status. *See Heintz v. Jenkins*, 514 U.S. 291, 298-99, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) (finding that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation"). The Court will therefore assess the sufficiency of Count I against Codilis.

---

[3] Friello alleges in his Response to the Banks that the Banks obtained the debt after the loan was delinquent, yet "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (R. 25, Pl.'s Resp. at 2-3.); *Agnew v. Nat'l Collegiate Athletic Ass'n,* 683 F.3d 328, 348 (7th Cir. 2012) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)). Those allegations also rely on information contained in Exhibit A to the Response to the Banks, the Complaint to Foreclose Mortgage filed by BONY. (Pl.'s Respn. at Exhibit A.) The Court can only take judicial notice of documents filed in another court to show what that party stated to the court and not for the truth of the matters asserted. *See e.g., Sterling Fed. Bank, F.S.B. v. Countrywide Fin. Corp.*, No. 11-CV-2012, 2012 WL 2368821, at *1 (N.D. Ill. June 21, 2012) (stating that the court would consider a Verified Petition referenced in the Complaint "not for the truth of the matters asserted therein, but rather to show what the Bank has represented to the New York court"). Friello's Complaint does not include the date the loan went into default or the dates when BONY and BANA obtained the debt.

### B. The Status of the Judgment of Foreclosure After August 18, 2008 When the State Court Dismissed the Foreclosure Action

The issue at the heart of the FDCPA claims is whether or not Defendants held a valid Judgment of Foreclosure after the Circuit Court of Cook County dismissed the Foreclosure Action on August 18, 2008. (Codilis' Reply, Ex. 1.) Specifically, Friello alleges that "there was no Judgment of Foreclosure and Sale in effect" on November 21, 2011, when the Property was sold. (Compl. ¶ 20.) Relying on *Plaza Bank v. Kappel*, 334 Ill. App. 3d. 847, 850-51, 258 Ill. Dec. 745, 779 N.E.2d 359 (Ill. App. Ct. 2002), Codilis argues that "[t]he fact that the foreclosure action had been voluntarily dismissed . . . does not affect the validity of the foreclosure judgment or of the foreclosure sale." (Codilis' Mot. at 4.)

In *Plaza Bank*, the state court dismissed the case for want of prosecution after previously entering a judgment of foreclosure. *Id*. at 360-61. The issue before the court in *Plaza Bank* related to whether the state court could confirm a judicial sale that occurred after the state court had dismissed the case but before the court had reinstated it. The *Plaza Bank* court noted in a footnote that the "final judgment of foreclosure was unaffected by the [] dismissal for want of prosecution." *Id*. at 362 n.2 (citing *Allstate Ins. Co. v. Anderson*, 329 Ill. App. 3d 93, 95-96, 263 Ill. Dec. 569, 768 N.E.2d 329 (Ill. App. Ct. 2002)). The court based this conclusion on the fact that (1) the judgment of foreclosure was a final judgment because of the language included in the judgment order, and (2) the trial court lost jurisdiction to modify or vacate that final judgment 30 days after entry of the judgment, and the court entered the order dismissing the case more than 30 days after the judgment. *Id*. The court ultimately upheld the validity of the state court's confirmation of the sale, which had occurred in between the time when the state court dismissed and reinstated the case. *Id*. at 364.

10

In the present case, the state court entered the Judgment of Foreclosure on August 14, 2007 and dismissed the case more than a year later on August 18, 2008. (Compl. ¶¶ 10-11; Codilis' Reply at Exhibit 1.) Under *Plaza Bank*, therefore, if the Foreclosure Judgment was a final judgment, the state court may not have had jurisdiction to vacate or modify the Foreclosure Judgment at the time the state court dismissed the case. It is unclear from the information properly before the Court, however, whether the Foreclosure Judgment was a final judgment. "The [Illinois] supreme court has held that 'a judgment ordering the foreclosure of a mortgage is not final and appealable until the court enters orders approving the sale and directing the distribution.'" *Deutsche Bank Nat'l Trust Co. v. Hall-Pilate*, 354 Ill. Dec. 330, 336, 957 N.E.2d 924 (Ill. App. Ct. 2011) (quoting *In re Marriage of Verdung*, 126 Ill.2d 542, 555, 129 Ill. Dec. 53, 535 N.E.2d 818 (Ill. App. Ct. 1989)); *see also Mortgage Elec. Reg. Sys., Inc. v. Barnes*, 406 Ill. App. 3d 1, 4, 346 Ill. Dec.118, 940 N.E.2d 118 (Ill. App. Ct. 2010) ("foreclosure judgment was not final and appealable yet because the circuit court did not expressly find that there was no just reason for delaying appeal"). A foreclosure judgment may be final, however, as in *Plaza Bank*, if the order contains language authorizing appeal. *See e.g., Plaza Bank*, 334 Ill. App. 3d. at 851 n.2; *Deutsche Bank Nat'l Trust Co. v. Snick*, 354 Ill. Dec. 480, 957 N.E.2d 1273 (Ill. App. Ct. 2011) (finding that the judgment of foreclosure was a final judgment based on the language contained in the order); *JP Morgan Chase Bank v. Fankhauser,* 383 Ill. App. 3d 254, 321 Ill. Dec. 870, 890 N.E.2d 592 (Ill. App. Ct. 2008) (same).

Friello has not alleged that the Foreclosure Judgment was a final judgment. Furthermore, the Foreclosure Judgment itself is not before the Court. Viewing the facts in the light most favorable to Friello, no valid Judgment of Foreclosure existed on the Property after

the state court dismissed the Foreclosure Action on August 18, 2008.

### C. 15 U.S.C. § 1692c(b) - Communication with Third Parties

In the Complaint, Friello alleges that the Defendants violated 15 U.S.C. § 1692c(b). (Compl. ¶ 30.) Section 1692c(b) governs communications between a debt collector and third parties. Codilis argues that this claim is insufficient because Friello fails to identify what third-party communication forms the basis of the claim and fails to allege any third-party communication anywhere in the Complaint. (Codilis' Mem. at 5.) The Court disagrees with Codilis, however, as Friello does allege that Defendants published the Notice of Sale, in addition to mailing a copy to Friello. (Compl. ¶¶ 19, 21.) The Court also disagrees with Codilis' assertion that the Notice of Sale cannot serve as the basis for the section 1692c(b) claim because the FDCPA excludes communications that are "reasonably necessary to effectuate a post judgment judicial remedy." (Codilis' Mem. at 6); *see also* 15 U.S.C. § 1692c(b). As discussed above, if there was no valid judgment of foreclosure in effect, there was no remedy that Defendants could seek. Although Friello only articulated what specific publications violated section 1692c(b) in his Response to Codilis, the Complaint's allegations that publication of the Notice of Sale occurred sometime after November 23, 2010 are sufficient under Rule 8 to "give the [Codilis] fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also* (Compl. ¶ 19.)

### D. 15 U.S.C. § 1692e - False or Misleading Representations

Section 1692e states that a debt collector cannot use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Friello alleges violations of 15 U.S.C. § 1692e "in general, and subsections (2)(A) and (B), (5)

12

and (10), in particular." (Compl. ¶ 31.) The factual allegations in paragraphs 1 through 26, which these claims adopt, allows the court to "draw the reasonable inference that the defendant is liable" under section 1692e generally and subsections (2)(A), (5) and (10). *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934-35 (7th Cir. 2012).

Section(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Friello alleges that the Defendants mailed him a Notice of Sale and published this Notice of Sale, which included a statement that a sale was scheduled to occur "pursuant to a Judgment of Foreclosure and Sale." (Compl. ¶ 19, Ex. 1.) Since there was no valid judgment of foreclosure at that time, this may constitute a false representation of the character or legal status of the debt. Additionally, Friello alleges that he mistakenly believed he needed to move out of the Property within 30 days of receipt of the Notice of Sale, based on the language contained therein. (*Id.* ¶ 31.) At this stage, the Court need not address the "necessarily fact-bound" determinations regarding whether the Notice of Sale would have been deceptive or misleading to an unsophisticated consumer, as required under this statute. *McMillan v. Collection Profs Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) (stating that district courts "must act with great restraint" when asked to rule on a motion to dismiss under Rule 12(b)(6) regarding section 1692(e) because the plaintiff should be allowed to assert additional facts). Friello's allegations are sufficient to meet his burden.

These same facts, namely that Friello believed he needed to move out and that the Notice of Sale falsely stated that there was a judgment of foreclosure, also sufficiently allege claims under subsections (5) and (10). Specifically, Friello's allegations that Codilis informed him that Defendants would put up for sale, and in fact did sell, the Property, "despite the fact there was no

13

Judgment of Foreclosure and Sale in effect," state a plausible claim that Codilis "threat[ened] to take [action] that [could not] legally be taken." (Compl. ¶¶ 20, 28(a)); *see also* 15 U.S.C. § 1692e(5). The publishing of a Notice of Sale and filing of a Motion to Approve Sale in state court despite not having a valid judgment of foreclosure may also qualify as "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." (Compl. ¶ 25); *see also* 15 U.S.C. § 1692e(10). Construing the facts in the light most favorable to Friello, and recognizing that 15 U.S.C. § 1692e requires fact-based inquiries, Friello sufficiently alleges claims under subsections (2)(A), (5), and (10).

Friello failed to assert a claim under subsection (2)(B), however. Subsection (2)(B) prohibits the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B). Friello does not reference any representations of "services rendered" or "compensation" received by the Defendants anywhere in the Complaint. The conclusory statement that Codilis violated this subsection is insufficient. (Compl. ¶ 31.)

### E.     15 U.S.C. § 1692f - Unfair Practices

Section 1692f, like section 1692e, states a general prohibition on using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Codilis counters Friello's claims on the basis that "[a]ll [Codilis] has done is lawfully seek to enforce its client's rights, through the foreclosure sale and related activities." (Codilis' Mem. at 9.) Because Friello has alleged that the Judgment of Foreclosure was not valid, however, Codilis' factual arguments fail. Friello has sufficiently pled an unfair practices claim based on his

allegations that Codilis sent him a Notice of Sale with deceptive or misleading information and that Codilis took possession of the Property without any right. (Compl. ¶¶ 19, 22, 26.)

### F. 15 U.S.C. § 1692g(a) - Validation of Debts

Section 1692g(a) requires that, within five days of the initial communication with a consumer, a debt collector must provide certain information and notices. 15 U.S.C. § 1692g(a). Friello fails to state a claim under this section as he does not allege when the initial communication with Friello occurred, what communication or notice was insufficient, and what information Codilis failed to communicate.

## III. Illinois Consumer Fraud Act[4]

The Banks' argument that the ICFA claims are time-barred fails because, as discussed above, a motion to dismiss is not the proper mechanism for asserting a statute of limitations defense, unless the plaintiff pleads himself out of the court. *See Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006) (observing that it is "irregular" to dismiss a complaint on the basis of an affirmative defense such as the statute of limitations, unless "the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense"). Since Friello has not specified the dates on which the fraudulent acts occurred, he has not pled himself out of this case.

The Banks also argue that Friello failed to sufficiently plead his ICFA claim under Rule 9(b). Although some ICFA claims may fall outside the Rule 9(b) particularity requirements if

---

[4]The Court will analyze the sufficiency of the Illinois Consumer Fraud claims only against the Banks as Friello withdrew Count II against Defendant Codilis. (Pl.'s Mem. at 11.) The Court grants Friello's request to seek leave of the Court to reinstate the ICFA claim should discovery uncover facts that indicate Codilis was not acting in the capacity as an attorney representing a client.

they include allegations of unfair practices rather than fraud, Friello has alleged fraudulent conduct. *See Strohmaier v. Yemm Chevrolet*, 211 F. Supp. 2d 1036, 1043 (N.D. Ill. 2001). "Fraud includes anything calculated to deceive, whether it be a single act or combination of circumstances, whether the suppression of truth or the suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or by silence, by word of mouth or by look or gesture." *Id.* (citing *Regenold v. The Baby Fold, Inc.*, 68 Ill.2d 419, 435, 12 Ill. Dec. 151, 369 N.E.2d 858 (Ill. App. Ct. 1977)). Specifically, Friello alleges that the defendants used "deception, fraud, false pretenses, and/or misrepresentation" "for the purpose of inducing [Friello] to leave the property" and further states that it was the defendants' "unfair and deceptive practices" that harmed him. (Compl. ¶¶ 38-39.) Accordingly, his claims must meet the particularity requirements of Rule 9(b).

The elements of a deceptive practices claim under the ICFA are: (1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff suffered actual damage; and (5) the damage was proximately caused by the deception." *Hickman v. Wells Fargo Bank N.A.*, No. 09 C 5090, 2010 WL 3833669, at *6 (N.D. Ill. May 11, 2010) (citing *Geschke v. Air Force Ass'n*, 425 F.3d 337, 345 (7th Cir. 2005)).

In Count II, Friello describes the deceptive acts as material misrepresentations and omissions "that were made for the purpose of inducing [him] to leave the property." (Compl. ¶ 37.) Friello specifically alleges that Defendants used "misrepresentations in the making, altering, issuing and/or delivery *of the real estate sales contract, loan documents, and the disbursement of loan proceeds*." (*Id* ¶ 36) (emphasis added). Friello fails to describe any

16

misrepresentation, however, relating to a real estate sales contract, loan documents, or disbursement of loan proceeds" anywhere within the Complaint. Furthermore, the factual allegations in paragraphs 1 through 26, which Friello incorporates into Count II, do not sufficiently demonstrate the "'who, what, when, where, and how' of the circumstances constituting fraud." *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 794 (N.D. Ill. 2010). Count II, therefore, fails to "give the [Defendants] fair notice of what the claim is and the grounds upon which it rests" and fails to describe this misrepresentation with sufficient particularity to meet the demands of Rule 9(b). *Twombly*, 550 U.S. at 555. Accordingly, the Court dismisses Count II without prejudice.

**IV.     Abuse of Legal Process**

Under Illinois law, the elements of an abuse of process claim are "(1) some act in the use of legal process that is not proper in the regular course of proceedings; and (2) the existence of an ulterior purpose or motive." *Holly v. Boudreau*, 103 Fed. App'x. 36, 39 (7th Cir. 2004) (citing *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill. App. 3d 177, 183, 274 Ill. Dec. 152, 790 N.E.2d 925 (Ill. App. Ct. 2003)). "In order to state a claim for abuse of process, the pleading must allege the existence of an ulterior purpose or motive and some act in the use of legal process not proper in the regular prosecution of the proceedings." *Reed v. Doctor's Assocs., Inc.*, 355 Ill. App. 3d 865, 875, 291 Ill. Dec. 948, 824 N.E.2d 1198 (Il. App. Ct. 2005). "The test is whether process has been used to accomplish some end which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing that he could not legally and regularly be compelled to do." *Id*. at 876.

Friello fails to allege any "process" that Defendants abused, or any ulterior motive they

17

possessed.  Friello alleges that Defendants abused the "legal proceedings," namely the Foreclosure Action.  (Compl. ¶¶ 43-45.)  Legal proceedings do not constitute "process," however, for an abuse of process claim.  In *Rubloff Dev. Grp, Inc. v. Supervalu, Inc.*, the court explained:

> "Process" is not used here in the general sense—as in "the legal process" of suing someone, prosecuting the case, receiving judgment, etc.  Rather it is used in the literal, legal sense of something issued by the court.  "'Process' is issued by the court, under its official seal and must be distinguished from pleadings, which are created and filed by the litigants.

No. 10 C 3917, 2012 WL 1032784, at *12 (N.D. Ill. Mar. 27, 2012).  Alleging that a defendant has instigated legal proceedings, even with "no probable cause" and "malice, and/or an improper motive," as Friello has alleged, does not constitute an abuse of process claim.  *See Shield Techs. Corp. v. Paradigm Positioning, LLC*, No. 11 C 6183, 2012 WL 4120440, at *2 (N.D. Ill. Sept. 19, 2012) ("'The mere institution of a proceeding, even if brought simply to harass the other party or to coerce a settlement, does not constitute abuse of process.'") (quoting *Harmon v. Gordon*, No. 10 C 1823, 2011 WL 290432, at *3 (N.D. Ill. Jan. 27, 2011)).

Friello attempted to expand his abuse of process allegations in his Response by alleging that Codilis made filings with the Circuit Court of Cook County based on an invalid and unenforceable foreclosure judgment for the purpose of compelling Friello to leave his home. Pl.'s Mem. at 13.)  Although these allegations better track the meaning of "process" in an abuse of process claim, as discussed above, Friello cannot amend the Complaint through his Response to Codilis's motion to dismiss.  Because Friello has failed to allege any process that Defendants abused and only has alleged that Defendants acted "with malice, and/or improper motive," Count III does not satisfy either element of an abuse of process claim.  The Court, therefore, dismisses

Count III without prejudice.

**V.      Conversion**

Friello has withdrawn Count IV as to all Defendants without prejudice. If discovery uncovers facts to further support a conversion claim, Friello may seek leave of Court to reinstate this claim. (Pl.'s Mem. at 14.)

## CONCLUSION

For the reasons set forth above, the Court grants Codilis' motion to dismiss Count III, without prejudice, but denies the motion as to Count I, and grants the Banks' motion to dismiss on Counts I, II and III, without prejudice. Friello may file an amended complaint on or before November 5, 2012.

**Date: October 15, 2012**

                                            **ENTERED**

                                            */s/ Amy J. St. Eve*
                                            **AMY J. ST. EVE**
                                            **United States District Court Judge**